**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christina M. Madsen, | No. CV-19-03182-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| City of Phoenix, et al., | |
| Defendants. | |
| Michael Graci, | |
| Cross-Claimant, | |
| v. | |
| City of Phoenix, | |
| Cross-Defendant. | |
| Michael Graci, | |
| Counter-Claimant, | |
| v. | |
| Christina Madsen, | |
| Counter-Defendant. | |

Pending before the Court is Defendant Michael Graci's Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c). (Doc. 54.) Defendant Deborah Ostreicher joins Defendant Graci's motion to the extent it asserts defenses of qualified immunity and non-

1  compliance with Arizona's notice of claims statute. (Doc. 77.) Also pending before the
2  Court is Defendant Ostreicher's Motion to Stay and Motion to Bifurcate, (Doc. 78), and
3  Defendant Graci's Motion to Strike, (Doc. 90), in which Defendant Ostreicher also joins,
4  (Doc. 95).

5      Defendant Graci's Motion is granted in part and denied in part with respect to
6  Defendant Graci and denied with respect to Defendant Ostreicher. Defendant Ostreicher's
7  Motion to Stay and Motion to Bifurcate is denied as moot and Defendant Graci's Motion
8  to Strike is granted.

9                                    **BACKGROUND**

10      Plaintiff Christina Madsen formerly worked for Defendant City of Phoenix ("City")
11  as the Deputy Director for Aviation Business and Properties. While employed by the City,
12  Plaintiff experienced a difficult working relationship with her subordinate, Defendant
13  Graci, and superior, Defendant Ostreicher. With respect to each Defendant, Plaintiff alleges
14  several instances of sexual harassment, insubordination, sabotage, and bullying. Plaintiff
15  now brings this action against her former employer, Defendant City of Phoenix, and former
16  colleagues, Defendant Graci and Defendant Ostreicher. Against all Defendants Plaintiff
17  alleges sex discrimination in violation of 42 U.S.C. § 1983 (Count III) ; against Defendant
18  City of Phoenix Plaintiff alleges sex discrimination under Title VII (Count I), unlawful
19  retaliation  under Title VII (Count II), and sex discrimination in violation of A.R.S. § 41-
20  1463(B)(1) (Count IV); against Defendant Graci Plaintiff alleges a state law defamation
21  claim (Count VI); and against Defendant Ostreicher Plaintiff alleges a state law claim for
22  intentional interference with contract and contractual relations (Count V).

23      In his motion, Defendant Graci, and Defendant Ostreicher by joinder, assert they
24  are entitled to judgment on the pleadings because Plaintiff's § 1983 claim is barred as to
25  them by the doctrine of qualified immunity, and Plaintiff's state law claims are barred by
26  Arizona's notice of claims statute and the applicable statute of limitations. Defendant Graci
27  further asserts that Plaintiff's § 1983 claim is duplicative and/or moot as it pertains to
28  Defendant Graci and Plaintiff's alleged instances of defamation are not actionable.

**DISCUSSION**

## I. Legal Standard

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) "is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. Cty. of L.A.*, 179 F.3d 698, 699 (9th Cir. 1999). Analysis under Rule 12(c) is "substantially identical" to analysis under Rule 12(b)(6) because, under both rules, "a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). Thus, to survive a Rule 12(c) motion, a plaintiff must allege sufficient facts to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## II. Analysis

### A. Qualified Immunity

Defendants assert Plaintiff's § 1983 claim is barred, as it pertains to Defendant Graci and Defendant Ostreicher, by the doctrine of qualified immunity. Government employees are entitled to qualified immunity from § 1983 claims "unless (1) the facts alleged viewed in the light most favorable to the individual asserting the injury, show that the official violated a constitutional right, and (2) the contours of the right were sufficiently clear so that a reasonable official would understand that his conduct violated that right." *Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007). Qualified immunity, however, "is only an immunity from a suit for money damages and does not provide immunity form a suit seeking declaratory or injunctive relief." *Hydrick v. Hunter*, 669 F.3d 937, 939–40 (9th Cir. 2012).

Here, Plaintiff is not seeking money damages from either Defendant Graci or Defendant Ostreicher with respect to her § 1983 claim. The complaint only requests

injunctive relief and Plaintiff confirms in her response that "Madsen's 1983 Claim does not seek damages." (Doc. 75 at 7.) Thus, Defendants' assertion of qualified immunity is not applicable to Plaintiff's § 1983 claim.[1]

### B.     Notice of Claims

Defendants assert that Plaintiff's state law claims are barred because she failed to timely comply with Arizona's notice of claim statute, A.R.S. § 12-821.01.[2] Plaintiff contends that she was not required to comply with the statute because her state-law claims do not arise from conduct within Defendants' scope of their public employment.

Arizona's notice of claim statute requires a claimant who is asserting a state-law claim against a public employee to file claims with the public employee "as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues." A.R.S. § 12-821.01(A). The statute "applies only to claims against public employees that arise from conduct within the scope of their employment." *Villasenor v. Evans,* 241 Ariz. 300, 303, 386 P.3d 1273, 1276 (Ct. App. 2016). "An employee's [c]onduct falls within the scope [of employment] if it is the kind the employee is employed to perform, it occurs within the authorized time and space limits, and furthers the employer's business even if the employer has expressly forbidden it." *Id.* (alterations in original) (internal quotations omitted). "Whether an employee's tort is within the scope of employment is generally a question of fact. It is a question of law, however, if the undisputed facts indicate that the conduct was clearly outside the scope of employment." *McCloud v. State, Ariz. Dep't of Pub. Safety*, 217 Ariz. 82, 91, 170 P.3d 691, 700 (Ct. App.

---

[1] Defendants do not assert a claim for qualified immunity under the Eleventh Amendment, nor do they contest that the Eleventh Amendment immunity would not apply to claims seeking to impose personal liability on government employees. Plaintiff's arguments with respect to the Eleventh Amendment are inapposite.

[2] Although Defendant Ostreicher joins in Defendant Graci's assertion of the notice of claim defense, Defendant Ostreicher does not advance any individualized arguments that the complaint conclusively establishes her alleged misconduct giving rise to Plaintiff's intentional interference with contract claim was conducted in the course of her employment. Absent authority to the contrary, the Court cannot conclude that Plaintiff's state-law claim against Defendant Ostreicher is barred by A.R.S. § 12-821 as a matter of law.

2007) (internal quotations omitted).

In her complaint, Plaintiff alleges that Defendant Graci "published statements, insinuations and innuendo to third persons including, without limitation, to the City, to Ostreicher and to Madsen's fellow City employees." (Doc. 4 at 21-22.) Each allegedly defamatory statement was made in the parties' workplace, to City staff, during the duration of Plaintiff and Defendant Graci's employment.[3] Defendant Graci argues these facts conclusively establish he was acting in the scope of his employment at the time the statements were made. However, the scope of employment inquiry is a fact specific question. The time and space factors are not dispositive. It is not clear from the facts alleged that Defendant Graci's allegedly defamatory conduct is the kind of conduct he was employed to perform. Moreover, Plaintiff alleges that "all such statements, insinuations, and innuendo" were false and made "for the specific purpose of damaging [Plaintiff]'s good name, standing and reputation in the community." (Doc. 4 at 24.) When these facts are assumed true, as they must be, it is not indisputably clear that Defendant Graci was acting to further his employer's business. Thus, it cannot be determined as a matter of law that Plaintiff's defamation claim arose from conduct within the scope of Defendant Graci's employment. As a result, Defendants are not entitled to judgment on Plaintiff's state law claims under A.R.S. § 12-821.02.

### C.      § 1983 – Defendant Graci

Plaintiff seeks the following relief with respect to her § 1983 claim:

A. Entry of an Order granting appropriate injunctive relief, including, without limitation:

> (1) Ordering the City to expunge all negative references in Madsen's personnel file or any other file or record that pertains to her performance of her former employment with the City;
> (2) Ordering the City to give only favorable, or at a minimum neutral, references regarding her performance of her former employment with the City to any prospective employee of Madsen who asks;
> (3) Ordering the City to adopt meaningful and effective policies against sex discrimination and harassment in the workplace that comply with the law;
> (4) Ordering the City to meaningfully and effectively respond to and

---

[3] One allegedly defamatory statement was made after Defendant Graci was terminated from the City. However, Plaintiff concedes this statement is privileged.

investigate employee complaints about sex discrimination and harassment in the workplace;
(5) Ordering the City to provide meaningful and effective training concerning sex discrimination and harassment in the workplace to all of its current and prospective managers, supervisors and employees;
(6) Enjoining the City and Ostreicher to cease and desist from continuing to discriminate, harass or retaliate against Plaintiff or any other employee on the basis of sex and from maintaining a hostile work environment;

B. An award of her attorney fees and costs; and

C. Such other such relief as seems just and proper.

(Doc. 4 at 18-19.) Plaintiff failed to request any relief against Graci that could be granted by the Court. Plaintiff admits the omission of Defendant Graci was an error and seeks leave to amend the mistake. Therefore, to the extent Count III is asserted against Defendant Graci, it is dismissed with leave to amend.

### D. Defamation – Defendant Graci

Defendant Graci argues that Plaintiff failed to allege a defamatory act because each act alleged is either privileged or a nonactionable statement of opinion. Plaintiff alleges five defamatory acts committed by Defendant Graci to support her claim: (1) communicating to Plaintiff's co-workers that plaintiff was not qualified to do her job, was sexually harassing Defendant Graci, and was improperly keeping Defendant Graci late at work and improperly disciplining his performance; (2) complaining to Human Resources ("HR") that Plaintiff "was inappropriately, incompetently, and/or unlawfully interfering with his relationship with an Airport subordinate employee and falsely accused that subordinate employee of using him as a 'recruiting tool,'" (Doc. 4 at 22); (3) informing HR personnel that Plaintiff had lied about a prior incident concerning Defendant Graci and another employee; (4) "bad-mouthing" Plaintiff to one of her subordinates, claiming that Plaintiff "had inappropriately, incompetently, and/or unlawfully given directions to one of Defendant Graci's staff members and that her purported infraction was serious enough for him to go to HR," (Doc. 4 at 23); and (5) telling HR that Plaintiff was sexually harassing

Defendant Graci.[4] Each defense asserted by Defendant Graci is addressed in turn.

### 1.    Qualified Privilege

Statements made by an employee to an employer reporting perceived sexual harassment in the workplace are protected by qualified privilege. *Miller v. Servicemaster by Rees*, 174 Ariz. 518, 520, 851 P.2d 143, 145 (Ct. App. 1992). However, the privilege is not absolute; it is lost if the plaintiff can show the defamatory act was conducted with actual malice. *Id.* Plaintiff alleges that Defendant Graci published all "such statements, insinuations and innuendo . . . with actual malice and a deliberate indifference or recklessness as to the truth or falsity of any such statement . . . for the specific purpose of damaging [Plaintiff]'s good name, standing and reputation in the community." (Doc. 4 at 24.) To the extent Plaintiff bases her defamation claim on statements made to HR, she has adequately pled such statements were not subject to any qualified privilege by asserting they were made with actual malice. Defendant is not entitled to judgment on the pleadings based on any qualified privilege at this stage in the litigation. *Miller*, 174 Ariz. at 520, 851 P.2d at 145 ("Actual malice is a question of fact for a jury and it can be demonstrated by proving a defendant made a statement knowing it was false or with reckless disregard of its truth.").

### 2.    Non-actionable Opinion

Subjective impressions that do not state or imply assertions of objective fact are not actionable as defamation. *Yetman v. English*, 168 Ariz. 71, 76, 811 P.2d 323, 328 (1991). To determine whether speech is actionable, the court must "consider the impression created by the words used as well as the general tenor of the expression, from the point of view of the reasonable person." *Id.* Thus, where the speech at issue is ambiguous, the jury must

---

[4] Plaintiff also alleged that Defendant Graci called Plaintiff a "bitch" and falsely accused plaintiff of sexual harassment in a notice of claim Defendant Graci served on the City and Plaintiff. Plaintiff, however, concedes both these statements are non-actionable. (Doc. 75 at 14-15.) The first as nonactionable hyperbole, and the second as protected by absolute privilege. *Id.*; *see also Hall v. Smith*, 214 Ariz. 309, 312, 152 P.3d 1192, 1195 (Ct. App. 2007) ("A party to a private litigation . . . is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of or during the course and as a part of, a judicial proceeding in which he participates, if the matter has some relation to the proceeding.") (quoting Restatement (Second) Torts § 587).

determine whether an ordinary reader would have understood the speech as a factual assertion or as an opinion. *Id.* at 79. A reasonable person could give conflicting interpretations to the speech at issue. Because it is not clear from the pleadings that the alleged defamatory statements cannot be interpreted as stating or implying actual facts, Defendant is not entitled to judgment on the pleadings with respect to Plaintiff's defamation claim.

### E.    Motion to Strike

Plaintiff filed a response to Defendant Ostreicher's Joinder. The eleven-page document, however, did not respond to Defendant Ostreicher's one sentence Joinder but instead responded to Defendant Graci's Motion for Judgment on the Pleadings. Plaintiff's "Response to Defendant Deborah Ostreicher's Joinder In Defendant Graci's Motion For Judgment On the Pleadings Pursuant to Rule 12(c)" is a surreply. Surreplys are not permitted under the Local Rules without explicit permission of the Court. *See* LRCiv 7.2. Plaintiff neither sought nor obtained permission to file a surreply. Therefore, Plaintiff's response to Defendant Ostreicher's Joinder is improper. Defendant Graci's Motion to Strike, joined by Defendant Ostreicher, is granted.

### CONCLUSION

Defendants have not shown they are entitled to judgment on the pleadings as a result of qualified immunity or Plaintiff's alleged non-compliance with Arizona's notice of claims statute because qualified immunity is not applicable to claims seeking only injunctive relief and the applicability of Arizona's notice of claims statute concerns factual determinations not appropriate at this stage in the litigation. Defendant Graci has similarly failed to show that he is entitled to judgment on Plaintiff's defamation claim. However, because Plaintiff failed to request any relief against Defendant Graci that could be granted by the Court, Plaintiff's § 1983 claim asserted against Defendant Graci is dismissed with leave to amend.

**IT IS HEREBY ORDERED** that Defendant Graci's Motion for Judgment on the Pleadings, (Doc. 54), in which Defendant Ostreicher joins, (Doc. 77), is **DENIED** in part

and **GRANTED** in part, as follows:

1.     To the extent Count III is asserted against Defendant Graci, it is dismissed with leave to amend **within 14 days** of the date of this Order.

2.     The Motion is denied to the extent joined by Defendant Ostreicher.

3.     The Motion is denied with respect to Count VI.

**IT IS FURTHER ORDERED** that Defendant Ostreicher's Motion to Stay and Motion to Bifurcate (Doc. 78) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendant Graci's Motion to Strike (Doc. 90), joined by Defendant Ostreicher, is **GRANTED.**

Dated this 27th day of March, 2020.

G. Murray Snow
Chief United States District Judge