**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christina M. Madsen,<br><br>        Plaintiff,<br><br>v.<br><br>City of Phoenix, et al.,<br><br>        Defendants.<br>Michael Graci,<br><br>        Cross-Claimant,<br><br>v.<br><br>City of Phoenix,<br><br>        Cross-Defendant.<br>Michael Graci,<br><br>        Counter-Claimant,<br><br>v.<br><br>Christina Madsen,<br><br>        Counter-Defendant. | No. CV-19-03182-PHX-GMS<br><br>**ORDER** |

Pending before the Court are Defendant City of Phoenix ("City")'s Motion for Cost Bond (Doc. 115), Plaintiff Christina Madsen's Motion to Strike (Doc. 129), and the City's

Motion to Exclude Plaintiff Christina Madsen's Human Resources Expert (Doc. 135).[1] For the following reasons, the pending Motions are denied.

## BACKGROUND

Plaintiff Christina Madsen formerly worked for the City as the Deputy Director for Aviation Business and Properties. While employed by the City, Plaintiff experienced a difficult working relationship with two of her co-workers. She alleges various instances of sexual harassment, insubordination, sabotage, and bullying. Plaintiff alleges the hostile work environment created by her co-workers and the City's failed response to her complaints resulted in her constructive discharge. Plaintiff now brings this action against the City asserting claims for sex discrimination and retaliation under Title VII and sex discrimination in violation of the Arizona Civil Rights Act.[2] The pending Motions followed.

## DISCUSSION

**I.     Motion for Cost Bond**

The City requests the Court to order Plaintiff, a North Carolina resident, to post a cash bond of $20,000 to cover costs the City has incurred and expects to incur through the completion of this litigation. Local Rule of Civil Procedure 54.1(c) grants the Court authority to issue such a measure in "every action in which the plaintiff was not a resident of the District of Arizona at the time suit was brought" if the Court, in its discretion, finds the circumstances warrant such security. This Circuit has adopted the balancing factors considered in *Aggarwal v. Ponce School of Medicine*, 745 F.2d 723, 727–28 (1st Cir. 1984), to guide the Court's determination. *McCormack v. Safeway Stores Inc.*, No. CV-12-02547-PHX-DGC, 2013 WL 5913785, at *1 (D. Ariz. Nov. 1, 2013) (citing *Simulnet E. Assoc. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 576 (9th Cir. 1994)). These factors

---

[1] Former Defendant Deborah Ostreicher had joined the City's Motion for Cost Bond and jointly filed the City's Motion to Exclude Plaintiff's Expert. However, while these Motions were pending, Plaintiff voluntarily dismissed her claims against Ostreicher. (Doc. 151.) As a result, Ostreicher is no longer a party to this action. (Doc. 152.) Any arguments raised in the pending Motions with respect to Ostreicher or her joinder are moot.

[2] Michael Graci, one of Plaintiff's former co-workers, also asserts cross claims against the City for sexual harassment and retaliation under Title VII. (Doc. 152.)

1 include: (1) the degree of probability or improbability of success on the merits, and the background and purpose of the suit; (2) the reasonable extent of the security to be posted, if any, viewed from the defendant's perspective; and (3) the reasonable extent of the security to be posted, if any, viewed from the nondomiciliary plaintiff's perspective. *Aggarwal*, 745 F.2d at 727-28.

Plaintiff's claims of sexual harassment and retaliation involve fact intensive questions. *See Chuang v. Univ. of Cal. Davis,* 225 F.3d 1115, 1124 (9th Cir. 2000) ("As a general matter, the plaintiff in an employment discrimination action need produce very little evidence in order to overcome an employer's motion for summary judgment. This is because 'the ultimate question is one that can only be resolved through a searching inquiry—one that is most appropriately conducted by the factfinder, upon a full record.'") (quoting *Schnidrig v. Columbia Mach.*, Inc., 80 F.3d 1406, 1410 (9th Cir. 1996)). As a result, at this stage of the ligation, the Court is unable to predict the likelihood of either party's success.

The respective financial positions of the parties, however, counsel against ordering a bond. The City argues it is "entitled to assurances that the costs of defending unnecessary and unwarranted litigation be offset by Plaintiff's assets, or in the absence of assets, a cost bond." (Doc. 122 at 7.) While it is true Plaintiff is not a resident of Arizona and has limited assets, if any, within the state, "the Court must determine whether it is reasonable, not simply lawful, to require Plaintiff[] to post security for costs while litigating against [a party of the City's] stature." *McCormack v. Safeway Stores Inc*., No. CV-12-02547-PHX-DGC, 2013 WL 5913785, at *2 (D. Ariz. Nov. 1, 2013). Moreover, the City's argument is based in part on Plaintiff's refusal to narrow her claims resulting in elevated costs. This argument, however, carries little weight in light of Plaintiff's voluntary dismissal of several of her claims in this action. (Doc. 152.) Plaintiff claims the requested bond amounts to twenty percent of her annual income. As the primary earner for her household, that sum presents a significant hardship to pursuing this action. *See O'Neal v. Am.'s Best Tire LLC*, No. CV-16-00056-PHX-DGC, 2016 WL 8738204, at *1 (D. Ariz. July 25, 2016) (declining

1  to order the plaintiff to provide security for costs in part because such a requirement,
2  especially when imposed on plaintiffs with modest resources, could present an obstacle to
3  plaintiffs exercising their statutory rights). On balance, the Court declines to exercise its
4  discretion to require Plaintiff to post a bond to cover costs in this action.

**II.    Motion to Strike**

Plaintiff argues the City's Reply in response to its Motion for Cost Bond should be stricken because it contains arguments and evidence not presented in the City's Motion. The Court generally will not consider arguments raised for the first time in a Reply. *See Matsumaru v. Sato*, 521 F. Supp. 2d 1013, 1014 (D. Ariz. 2007) ("Arguments raised for the first time in a reply brief are improper[.]"). Replies to arguments presented by opposing counsel in their response, however, are an exception to this rule. *Burnham v. City of Rohnert Park*, No. C 92-1439, 1992 U.S. Dist. LEXIS 8540, 1992 WL 672965, *5 n.2 (N.D. Cal. May 18, 1992) ("Reply briefs are limited in scope to matters either raised by the opposition or unforeseen at the time of the original motion.") (citing *Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990)). Because Plaintiff raised the *Aggarwal* factors in her Response, the City's Reply addressed them in response. Thus, the City's Reply is not improper. Plaintiff's Motion is denied.

**III.   Motion to Exclude Plaintiff's Expert[3]**

Pursuant to Federal Rule of Evidence 702, "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." The Court acts as a gatekeeper to ensure the proffered testimony is both relevant and reliable. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590

---

[3] To the extent Plaintiff moves to strike single spaced portions of the City's Motion to Exclude, it is denied. The Court finds no evidence of prejudice to Plaintiff or bad faith on the part of the City in including the bulleted portions of the Motion.

(1993). The Court is afforded broad discretion when acting in its gatekeeper role. *United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000) (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150–53 (1999)). However, "Rule 702 should be applied with a liberal thrust favoring admission." *Messick v. Novartis Pharm. Corp.*, 747 F.3d 1193, 1196 (9th Cir. 2014) (internal quotations and citation omitted).

Plaintiff's expert, Laura Ingegneri, opines that Plaintiff's alleged complaints should have prompted a certain response from HR based on standard practices; she does not opine on the merits of Plaintiff's claims. The City argues that Ingegneri's opinion should be excluded because (1) it is based on insufficient facts and data; (2) it was formed without the use of any methodology and it is not supported by any authorities; and (3) it is confusing to the jury.

### A. Sufficient Facts or Data

The City asserts that Ingegneri's review of the facts and evidence in this matter was limited to certain documents selected by Plaintiff's attorney that tell only Plaintiff's side of the story. In her report, Ingegneri admittedly reviewed only Plaintiff's notice of claim, Plaintiff's First amended complaint, the transcripts of Plaintiff's deposition testimony, Plaintiff's notes to file, a timeline of events created by Plaintiff, various City policies concerning harassment and discrimination, and handwritten notes of Sue Bailey, one of the City's Human Resource ("HR") representatives (although not the HR representative tasked with managing Plaintiff's complaints). (Doc. 135-1 at 3-4.) The City highlights that Ingegneri did not review Bailey's deposition testimony concerning the origin or context of the notes Ingegneri reviewed, nor did she review any notes from Janice Pitts, the Human Resource professional in charge of managing Plaintiff's alleged complaints.

However, a lack of consideration of other evidence generally goes to the weight of an expert's testimony rather than its admissibility. *Atencio v. Arpaio*, No. CV-12-02376-PHX-PGR, 2015 WL 11117187, at *18 (D. Ariz. Jan. 15, 2015) ("To the extent Defendants challenge the admissibility of [the expert's] opinions because he did not review certain other evidence prior to rendering his opinions, or consider different alternative theories or

hypotheticals, such arguments go to the weight, not the admissibility of his opinions.") While Ingegneri could have reviewed more facts before offering her opinion, she acknowledges "it is unclear" whether the City followed the appropriate procedures based on the documents reviewed. (Doc. 135-2 at 11.) To the extent she opines that the City failed to adequately respond to Plaintiff's complaints, she cites to Bailey's notes—she does not solely rely on Plaintiff's subjective accounts. *Id.* Thus, the Court concludes Ingegneri's opinion is based on sufficient facts or data to satisfy the requirements of Rule 702. The adversary system will account for any deficiencies. *See Daubert*, 509 U.S. at 595 ("Vigorous cross examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").

### B.  No Methodology or Reference to Authority

Next, the City argues that Ingegneri's opinion is unreliable because it is not based on any methodology and makes no reference to authoritative sources. The City, however, incorrectly applies the *Daubert* factors (peer review, publication, etc.) for assessing reliability to a non-scientific expert. "The Daubert factors were not intended to be exhaustive nor to apply in every case." *United States v. Hankey,* 203 F.3d 1160, 1168 (9th Cir. 2000). This Circuit and Rule 702 recognize that a witness's specialized knowledge and experience is sufficient to qualify the witness as an expert. *See Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) (upholding the district court's conclusion that an expert was qualified based on his experience within the relevant industry). Moreover, there is no "requirement that an expert qualified based on his background and experience rely on literature or conduct independent research to support his opinions." *Atencio*, 2015 WL 11117187, at *17.

The City does not contest that Ingegneri is qualified to opine on standard HR practices based on her extensive experience in the field. It instead asserts that she has failed to explain "how [her] experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts" as

required by Rule 702. *See* Fed. R. Evid. 702 Advisory Committee Notes. However, the Court concludes that Ingegneri sufficiently set forth her qualifications and experiences in her report as her methodology for determining appropriate HR practices. These practices are then clearly applied to her understanding of the facts based on the evidence she reviewed. No more is required of an expert whose opinion is based on her knowledge and experience. Moreover, the City's disagreement with Ingegneri's methods or reasoning again goes to the weight of her testimony, rather than its admissibility. *See Kennedy v. Collagen Corp.*, 161 F.3d 1226, 1231 (9th Cir. 1998) ("Disputes as to the strength of an expert's credentials, faults in his use of a particular methodology, or lack of textual authority for his opinion, go to the weight, not the admissibility, of his testimony.").

### C. Confusing and Prejudicial

Lastly, the City claims Ingegneri's testimony will inappropriately parrot Plaintiff's version of the facts and give inappropriate credence to Plaintiff's theory of the case. While such testimony would be improper and prejudicial, Ingegneri's proposed testimony does not concern the merits of Plaintiff's allegations. Plaintiff's claims arise, in part, from her contention that the City failed to adequately respond to her complaints. Because the City may be held liable for its failure to act, *see Nichols v. Azteca Rest. Enterprises, Inc.*, 256 F.3d 864, 876 (9th Cir. 2001), expert testimony regarding what events should trigger an investigation or some other response is helpful to the jury. Ingegneri's proposed testimony is limited to opining on this material issue. Finding no risk of confusing the jury or prejudice outweighing the testimony's probative value, Ingegneri's testimony will not be excluded.

### CONCLUSION

In light of the circumstances of the parties and arguments presented, the Court declines to order Plaintiff to post security to cover costs in this action. Plaintiff's Motion to strike the City's Reply to its Motion for Cost Bond is denied because the City is entitled an opportunity to respond to the arguments raised in Plaintiff's Response. The Court also declines to exclude Plaintiff's expert, Laura Ingegneri, because Plaintiff has demonstrated

that her proposed testimony is sufficiently reliable and relevant.

**IT IS HEREBY ORDERED** that Defendant City of Phoenix's Motion for Cost Bond (Doc. 115) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Christina Madsen's Motion to Strike (Doc. 129) is **DENIED.**

**IT IS FURTHER ORDERED** that the City's Motion to Exclude Plaintiff Christina Madsen's Human Resources Expert (Doc. 135) is **DENIED.**

Dated this 26th day of August, 2020.

G. Murray Snow
Chief United States District Judge