WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christina M. Madsen,<br><br>          Plaintiff,<br><br>v.<br><br>City of Phoenix,<br><br>          Defendant. | No. CV-19-03182-PHX-GMS<br><br>**ORDER** |

Before the Court are two motions for reconsideration filed by Plaintiff Christina Madsen. The first is a Motion for Reconsideration of the Court's Order Granting the City of Phoenix's Motion for a New Trial (Doc. 345). The second is a Motion for Reconsideration of the Court's Order Granting the City of Phoenix's Motions in Limine (Doc. 347). For the following reasons, the motion to reconsider the Order granting a new trial is denied, and the motion to reconsider the motions in limine is granted in part and denied in part.

## BACKGROUND

This case concerns Christina Madsen's ("Plaintiff") hostile work environment ("HWE") claim against the City of Phoenix ("Defendant"). In April 2022, this Court held a four-day jury trial. The jury rendered a verdict for the Plaintiff. After trial, the Court denied Defendant's Motion for Judgment as a Matter of Law and granted its subsequent Motion for a New Trial.

**DISCUSSION**

**I.     Legal Standard**

Under Local Rule 7.2(g), a motion for reconsideration should ordinarily be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." L.R.Civ. 7.2(g); *see also School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (holding that granting a motion for reconsideration is appropriate where "the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law"). Moreover, "[n]o motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order." L.R.Civ. 7.2(g)(1). Thus, "mere disagreement with a previous order is an insufficient basis for reconsideration." *See Adame v. City of Surprise*, No. CV-17-03200, 2018 WL 3496955, at *1 (D. Ariz. July 20, 2018).

**II.    Motion to Reconsider New Trial Order**

The motion to reconsider the order granting a new trial is denied because it does not demonstrate manifest error. While Plaintiff points to several ways she believes the Court mischaracterized or misconstrued the evidence in its Order, she does not demonstrate manifest error because (1) the Court must evaluate the weight of all the evidence, and (2) Plaintiff's arguments reject the Court's determination of the relevant time frame in which a reasonable jury could have found that a hostile work environment existed.

The Court may not grant a new trial "simply because it would have arrived at a different verdict." *Silver Sage Partners, Ltd. v. City of Desert Hot Springs*, 251 F.3d 814, 819 (9th Cir. 2001). However, to determine whether the verdict was against the clear weight of the evidence, "the district court can weigh the evidence [and] make credibility determinations." *Experience Hendrix L.L.C. v. Hendrixlicensing.com*, 762 F.3d 829, 841 (9th Cir. 2014).

Plaintiff highlights several individual pieces of evidence which she suggests

demonstrate that the Court committed manifest error in granting a new trial. However, evaluating the weight of the evidence necessarily requires evaluating all of the evidence, rather than individual pieces. Plaintiff highlights certain discrete pieces of evidence or testimony that suggest a jury could find in her favor. On the Defendant's Motion for Judgment as a Matter of Law, when the Court was required to "draw all reasonable inferences in favor of the nonmoving party" and "disregard all evidence favorable to the moving party that the jury [was] not required to believe," it did so. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 149, 151 (2000). In the order denying judgment as a matter of law, the Court deferred completely to these isolated pieces of evidence, finding that if the jury completely rejected competing testimony, the evidence Plaintiff highlights was sufficient for a reasonable jury to find in her favor. However, when evaluating the weight of the evidence, the Court viewed all of the evidence, including competing evidence. *Experience Hendrix*, 762 F.3d at 841. Thus, any argument that the Court was required to defer more substantially to Plaintiff's evidence or reject Defendant's evidence is not grounds for reconsideration.

Moreover, most of Plaintiff's argument rests on a rejection of the Court's conclusion that the clear weight of the evidence shows a hostile work environment did not begin until late March 2018 and the City took remedial action by May 1, 2018, when it removed Mr. Graci from Ms. Madsen's supervision. As explained in the New Trial Order, Defendant's obligation to remedy or prevent a hostile work environment necessarily cannot arise until a hostile work environment exists. (Doc. 340 at 4-5.) Plaintiff does not present facts or evidence to show the conclusion that the hostile work environment did not arise until late March 2018 constitutes manifest error. She highlights incidents that occurred between Mr. Graci and Plaintiff or other women in the workplace before March 2018. However, as the Court has previously stated, "[a]lthough Plaintiff may have rendered complaints to her supervisor, Ms. Reynolds, about Mr. Graci prior to March 2018, those complaints addressed insubordinate behavior by an employee, and did not indicate that Plaintiff felt fearful or harassed by Mr. Graci." (Doc. 340 at 4.) Those incidents and complaints thus

remain insufficient to support the existence of a hostile work environment, and thus the City's obligation to respond, prior to late March 2018.

Plaintiff also does not present facts or evidence indicating that the hostile work environment was not remedied by Mr. Graci's removal from her supervision on May 1, 2018. While she states that on May 7, 2018, Ms. Benton reported that Mr. Graci "was treating her with unprofessionalism or flat disrespect," there is no evidence that this interaction with Ms. Benton affected or harmed Ms. Madsen. In light of the remaining evidence that no further incidents occurred after May 1, 2018, this is insufficient to demonstrate an ongoing hostile work environment that the City failed to remedy.

The relevant time frame created by the evidence from trial continues to be late March 2018 to May 1, 2018. When addressing the evidence within that time frame, Plaintiff's motion essentially raises the same arguments she made in response to the Rule 59 motion. Though Plaintiff may disagree with the conclusion reached, disagreement is an insufficient basis for reconsideration and does not demonstrate manifest error.

Therefore, the Court will not reconsider its order granting a new trial. Moreover, because the Court does not reconsider its grant of a new trial on liability grounds, it also does not reconsider its ruling on excessive damages as a reason for granting a new trial. And because the verdict on liability was against the clear weight of the evidence, a trial on only damages or remittitur would be inappropriate.

### III. Motion to Reconsider Motions in Limine

Plaintiff has also moved for reconsideration of the Court's previous order granting the City's motions in limine. Specifically, in the first Order Setting Trial (Doc. 251), the Court granted Defendants' Motion in Limine #2 (Doc. 233) as to Exhibits 27 and 51 and granted Defendants' Motion in Limine #4 (Doc. 235).

#### A. Motion in Limine #2

At the final pretrial conference, the Court recognized that the Motion in Limine seeking to exclude all evidence related to Ms. Benton's alleged claim that Mr. Graci treated her differently because she is a woman was likely overbroad. However, it also recognized

that Exhibit 27 and Exhibit 51 related to events that happened after Mr. Graci was removed from Ms. Madsen's supervision. At that time, Plaintiff's counsel stated that she could not think of any evidence in their possession that demonstrated a hostile work environment remained after Ms. Madsen no longer supervised Mr. Graci. In relation to the voicemail constituting Exhibit 27, the Court said, "you're not going to be able to get that one in, unless you can demonstrate for me that there was some sort of harassment – harassing environment that endured after Mr. Graci was no longer supervised by Ms. Madsen." (Doc. 252 at 26:3-7.)

Some confusion ensued in the conversation that followed. Defendants raised the fact that Exhibit 51 presented the same concerns because it encompasses events that occurred after Mr. Graci was removed from Ms. Madsen's supervision. The Court then said "if, in fact, Exhibit 27 and 51 are the voicemail and the transmission of that voicemail, the motion is granted." (Doc. 252 at 26: 20-22.) Subsequently, at trial, the Court admitted Exhibit 51 over Defendants' objection. Throughout trial, several instances demonstrated a lack of clarity around the scope of the order granting the Motion in Limine. (*See* Trial Transcript at 239:9-241:13.) The uncertainty appeared to stem from differing understandings about whether the Court's ruling applied to a subset of Beth Benton's complaints that occurred after Ms. Madsen was no longer supervising Mr. Graci or whether it applied more generally to Ms. Benton's complaints about disparate treatment.

As the post-trial motions and orders demonstrate, the timeline of events in this case is particularly important to determining whether a given piece of evidence is relevant to the hostile work environment claim. Plaintiff apparently seeks to use these documents, at the very least, to demonstrate that the City was on notice that Mr. Graci was creating a sex-based hostile work environment. Defendants assert that the documents are not relevant to that point because "there is no evidence Plaintiff continued to endure a harassing environment after Mr. Graci was no longer supervised by Plaintiff after May 1, 2018." (Doc. 349 at 3.)

As soon as the City took adequate remedial steps to remedy a potential hostile work

environment, Mr. Graci's conduct toward other women—and the City's notice of such conduct—becomes largely irrelevant. However, this inquiry relies, at least to some degree, on the specific timeframe in which Plaintiff seeks to prove that the City (1) had notice and (2) failed to take remedial measures. While the Court apparently based its initial ruling on the Motion in Limine on the fact that no further harassment occurred after the removal of Mr. Graci from Plaintiff's supervision, it ultimately admitted other evidence pertaining to events after the May 1, 2018, removal of Mr. Graci to show notice.

In light of the parties' varied understandings of the bases for these rulings and the fact that the relevance of testimony pertaining to how Mr. Graci treated Ms. Benton is dependent on other facts and evidence that may or may not be presented to the jury, the Court grants the Motion for Reconsideration. It remains doubtful that these pieces of evidence are relevant to show notice if no further harassment occurred after Mr. Graci was not supervised by Ms. Madsen. And depending on the way in which this evidence is used, Plaintiff risks running afoul Rule 403 by confusing the jury and addressing claims already dismissed on summary judgment. Nevertheless, to avoid premature or conflicting rulings on evidence relevant to this Motion in Limine, it is denied without prejudice.

**B. Motion in Limine #4**

The Court previously granted Defendants' Motion in Limine #4, excluding evidence "relating to TX 16, TX 43, TX 44, asking Janice Pitts about Mr. Graci's complaint and her handling of it, or any evidence relating to the City's handling of Mr. Graci's complaint." (Doc. 235 at 3.) Plaintiff apparently argues that the Court should reconsider this motion because of new, unforeseen facts that could not have been considered at the time of the motion. Specifically, she asserts that she could not have foreseen testimony that Janice Pitts had a practice of referring employees who had concerns about harassment or discrimination to the City's Equal Opportunity Division.

Even if such testimony could be characterized as unforeseeable, Plaintiff remains free to challenge that Ms. Pitts did not follow this practice when addressing Plaintiff's complaints. However, Plaintiff's assertion that "evidence of Pitts' handling of Graci's

complaint is admissible to demonstrate that on that particular occasion, Pitts acted in accordance with her/the City's patterns and practices" is a repackaging of the disparate treatment claim that has already been dismissed. (Doc. 347 at 10.) Underpinning that assertion is that Pitts acted in accordance with her practices for Mr. Graci, but did not for Ms. Madsen. Such a comparison is not relevant to the hostile work environment claim and does not become relevant based on Ms. Pitts' testimony. And, in any event, it continues to present significant concerns under Rule 403. Any probative value that this evidence may have is significantly outweighed by the likelihood that it will confuse the jury and raise previously dismissed claims. As such, the Motion for Reconsideration is denied as to Motion in Limine #4, and that Motion in Limine remains granted.

## CONCLUSION

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration of Order Granting the City of Phoenix's Motion for a New Trial (Doc. 345) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 347) of Order Granting the City of Phoenix's Motions in Limine is **GRANTED** in part and **DENIED** in part. It is granted as to the City of Phoenix's Motion in Limine #2, which is denied without prejudice. It is denied as to the City of Phoenix's Motion in Limine #4, which remains granted. An Amended Order Setting Trial that includes the rulings on the motions in limine will be issued.

Dated this 16th day of August, 2023.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge