WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christina M Madsen, | No. CV-19-03182-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| City of Phoenix, et al., | |
| Defendants. | |

Pending before the Court is Christina Madsen's ("Plaintiff") Motion to Reconsider and Vacate the Court's Order Granting the City of Phoenix's Motion for a New Trial (Second Motion to Reconsider) (Doc. 386). For the reasons detailed below, the Motion is denied.

## BACKGROUND

This case concerns Plaintiff's hostile work environment claim against the City of Phoenix ("Defendant"). In April 2022, this Court held a four-day jury trial. The jury rendered a verdict for the Plaintiff. After trial, the Court denied Defendant's Motion for Judgment as a Matter of Law and granted its subsequent Motion for a New Trial. (Doc. 340). On March 2, 2023, Plaintiff moved for this Court to reconsider its order for a new trial. On August 16, 2023, the Court denied that motion.

The second trial commenced on October 24, 2023. On November 1, 2023, the Court declared a mistrial resulting from the jury's inability to come to a unanimous decision. Facing a third trial, Plaintiff has moved a second time for the Court to reconsider its earlier

order for a new trial.

## DISCUSSION

### I. Legal Standard

Under Local Rule 7.2(g), a motion for reconsideration should ordinarily be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." L.R. Civ. 7.2(g); *see also School Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (holding that granting a motion for reconsideration is appropriate where "the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law"). Moreover, "[n]o motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order." L.R. Civ. 7.2(g)(1). Thus, "[m]ere disagreement with a previous order is an insufficient basis for reconsideration." *Adame v. City of Surprise*, No. CV-17-03200, 2018 WL 3496955, at *1 (D. Ariz. July 20, 2018).

### II. Motion to Reconsider New Trial Order

Plaintiff's Motion is denied because it neither demonstrates manifest error nor shows relevant new facts or legal authority not available at the first trial. Plaintiff argues that new law, *Sharp v. S&S Activewear, L.L.C.*, 69 F.4th 974 (9th Cir. 2023), fundamentally changes the Court's analysis in its order for a new trial. Plaintiff's reliance on *Sharp* is misplaced. *Sharp* involved whether offensive conduct when directed toward both men and women constitutes sexual harassment under Title VII. 69 F.4th at 982. This Court ordered a new trial based on the timeline presented at the first trial—namely, that under that timeline the great weight of the evidence indicated the Defendant adequately responded within a reasonable time. (Doc. 340 at 10). Accordingly, the *Sharp* decision does not change the great weight of the evidence presented in the first trial.

Plaintiff also moves for reconsideration based on new facts. First, Plaintiff points to the deadlocked jury as new facts warranting reconsideration. (Doc. 386 at 4–5). The

outcome of the second trial does not change the weight of the evidence presented at the first trial and is not grounds for reconsideration. Second, Plaintiff argues that the record of the second trial should be used to sustain the verdict of the first trial. The local rules allow this Court to consider facts "that could not have been brought to its attention earlier with reasonable diligence." L.R. Civ. 7.2(g). While the evidence in the second trial differs from that in the first, there is no indication that evidence was unavailable in the first trial. Accordingly, the Court does not find the second trial's record to be sufficient grounds for reconsideration.

For these reasons, Plaintiff's Motion is denied.

## CONCLUSION

Accordingly,

**IT IS THEREFORE ORDERED** Plaintiff's Motion to Reconsider and Vacate the Court's Order Granting the City of Phoenix's Motion for a New Trial (Second Motion to Reconsider) (Doc. 386) is **DENIED**.

Dated this 30th day of November, 2023.

_____
G. Murray Snow
Chief United States District Judge